```
                 IN THE UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF ARKANSAS
                          PINE BLUFF DIVISION


GORDON BUCHANAN                                            PETITIONER


vs.                    Civil Case No. 5:08CV00005 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

Gordon Buchanan, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner states he entered a guilty plea on October 4, 2007, to possession of methamphetamine and possession of scales. The court sentenced him to ten years imprisonment on the possession of methamphetamine charge, but suspended imposition of sentence on the possession of drug paraphernalia charge, and

2

ordered that the sentence for possession of methamphetamine be entered <u>nunc</u> <u>pro</u> <u>tunc</u> to May 21, 2007, the date Petitioner's parole on a previous sentence was revoked.

Under Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal, a defendant who pleads guilty is not entitled to a direct appeal, except as provided in A.R.Cr.P. 24.3(b), which does not apply here.  Such a defendant, however, may file a motion to withdraw his guilty plea under Rule 26.1 of the Arkansas Rules of Criminal Procedure before the entry of judgment, and he may seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure within ninety days of the entry of judgment, Rule 37.2(c).  If a defendant files a motion to withdraw his guilty plea after judgment is entered, it will be treated as a Rule 37 petition.  <u>Webb v. State</u>, 365 Ark. 22, 24 (2006).  Petitioner indicates in his petition that he did not file any petitions, applications or motions challenging his convictions.

In the present proceedings, he raises the following grounds for relief:

> 1.   His guilty plea was not made voluntarily, intelligently or knowingly because he thought he was pleading to a class C felony, which carried a penalty of from three to ten years when, in fact, possession of methamphetamine is a class Y felony;
>
> 2. His guilty plea was coerced in that, on September 26, 2007, his attorney told him that, if he did not take the plea offer of simple possession and stop trying to find out who the confidential informant was, "they" were going to charge him as an habitual offender and ask the jury to recommend 224 years;

3. His conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure in that the police did not give him a copy of the search warrant before the search, and the warrant was not supported by an affidavit or testimony under oath;

4. He was denied the effective assistance of counsel as follows:

> A. His attorney did not consult with him until the day before the trial was scheduled in September, and counsel told him he had just gotten his file, but he would see Petitioner the next day at trial;
>
> B. Counsel first approached Petitioner with an offer of twenty years with ten suspended, but Petitioner rejected it, but later counsel came to him with the second offer and told him that, if he did not accept it and stop trying to discover the identity of the confidential informant, he would be charged as an habitual offender and the prosecutor would ask the jury to sentence him to 224 years;
>
> C. Counsel did not investigate any of the false allegations by the confidential informant.
>
> D. Counsel did not apply the sentencing guidelines correctly, and, had Petitioner known the sentence he was to receive, he would not have entered his guilty plea and he would have insisted on going to trial;
>
> E. Counsel failed to have the illegally obtained evidence against him suppressed and
>
> F. Counsel intentionally misinformed him of the true nature of the charge of simple possession and knew his guilty plea was not a negotiated plea and it was not voluntarily, intelligently and knowingly entered, but it was entered without any knowledge of the true nature of simple possession and the classification of the offense.

Respondent admits Petitioner is in his custody pursuant to these convictions and that he has no non-futile state remedies available, for purposes of these proceedings.  He contends the entire petition should be dismissed as procedurally barred because Petitioner did not present any of his claims to the state court, and he has not asserted cause for the default or actual prejudice, or that his actual innocence entitles him to the fundamental miscarriage of justice exception to the procedural default doctrine.

I.

Ordinarily, a guilty plea waives a Fourth Amendment claim based on an allegedly illegal search and seizure.  Smith v. United States, 876 F.2d 655, 657 (8th Cir.) (waiver includes claims regarding search and seizure), cert. denied, 493 U.S. 869 (1989).  In Arkansas, a defendant may enter a conditional guilty plea, preserving his right to appeal the denial of a pre-trial motion to suppress.  A.R.Cr.P. 24.3(b).  However, even had Petitioner proceeded under that rule, this court could not address ground three, because a Fourth Amendment claim is not a basis for habeas relief where the state has provided a full and fair opportunity to litigate it.  Stone v. Powell, 428 U.S. 465, 482 (1976).

II.

The voluntariness of a guilty plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).

> [A] guilty plea represents a break in the chain of events which have preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 771 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Thus, grounds one and two effectively merge into Petitioner's claims of ineffective assistance of counsel.

In 1984, The United States Supreme Court set out a definitive standard for evaluating claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 688 (1984).  It later applied this two-pronged standard to guilty pleas and, in order to attack a guilty plea, a petitioner must show counsel's "representation fell below an objective standard of reasonableness," and there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

If a petitioner has not properly presented his claims to the state courts, <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice resulting from the constitutional violation he asserts. <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991).  If he is unable to satisfy the cause and prejudice requirement, the court may still consider the claim if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice." <u>Murray v. Carrier</u>, 477 U.S. 478, 495 (1986).  "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995).

Here, since all of Petitioner's claims merge into the question of the effectiveness of counsel, Petitioner must explain why he did not preserve these claims by raising them in a Rule 37 petition. In his addendum to his reply (DE #12), Petitioner contends ineffective assistance of counsel caused his default, in that counsel deliberately misinformed him of the true nature of the charges.  Ineffective assistance of counsel may constitute cause

7

for a procedural default, Murray v. Carrier, 477 U.S. 478, 488 (1986), but not in this situation, because Petitioner did not have the right to counsel during the post-conviction stage of his criminal proceedings. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Sweet v. Delo, 125 F.3d 1144 (8th Cir. 1997), cert. denied, Sweet v. Bowersox, 523 U.S. 1010 (1998).

He also argues he is actually innocent of the crimes to which he entered a guilty plea, because he thought he was pleading to a class C felony. In order to make the requisite showing of actual innocence to excuse a default when the petitioner is attacking a guilty plea, a petitioner must show that, in light of all the evidence, including evidence regarding more serious charges the government withdrew as part of the plea agreement, it is more likely than not that no reasonable jury would have convicted him. Bousley v. United States, 523 U.S. 614, 623-24 (1998). Here, Petitioner's claim of actual innocence goes more to his legal innocence, and he has not presented any "new reliable evidence" that would establish the requisite probability of his innocence, as described in Schlup. Thus, the court may not address his claims.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 15th day of May, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge